UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

_____

| | | |
|---|---|---|
| JUSTIN GOLDMAN, | : | Civil Action No. _____ |
| Plaintiff, | : | |
| -against- | : | **COMPLAINT** |
| FANDUEL, INC., | : | |
| Defendant. | : | **JURY TRIAL DEMANDED** |

_____

Plaintiff Justin Goldman, appearing *pro se*, for his Complaint against Defendant FanDuel, Inc., alleges as follows:

**NATURE OF THE ACTION**

1.    This is an action for copyright infringement arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*

2.    Plaintiff is the author and registered copyright owner of a photograph depicting Tom Brady in the company of individuals associated with the Boston Celtics organization in East Hampton, New York, taken during the Celtics' 2016 recruitment of free agent Kevin Durant (the "Photograph").

3.    The Photograph is a commercially valuable sports image. Plaintiff has previously enforced his exclusive rights in it, including in *Goldman v. Breitbart News Network, LLC*, 302 F. Supp. 3d 585 (S.D.N.Y. 2018), in which this Court held that online publishers who caused the Photograph to be displayed to the public violated Plaintiff's exclusive display right under 17 U.S.C. § 106(5).

4.    On or about July 2, 2021, Brianna Pirre caused the Photograph to be publicly displayed on the social media platform then known as Twitter, now known as X, without

1

license or authorization (the "Infringing Post"). The Infringing Post has remained continuously and publicly displayed from that date through the date of this Complaint.

5. From in or about July 2021 until in or about 2024, Ms. Pirre served as a contract Content Creator for Defendant FanDuel, Inc. ("FanDuel"), a position she has publicly identified on her LinkedIn profile.

6. FanDuel is a sports betting, daily fantasy sports, and sports media company whose business depends upon acquiring and retaining sports audiences through content and social media engagement. FanDuel engages content creators for the specific purpose of producing sports commentary that attracts and holds the attention of that audience.

7. This action concerns the continuing public display of the Photograph during the period beginning July 9, 2023 and continuing until the conclusion of Ms. Pirre's content-creator engagement with FanDuel in 2024 (the "Relevant Period"). Throughout the Relevant Period, FanDuel simultaneously maintained a contractual content-creator relationship with Ms. Pirre that carried the right and ability to supervise and control her sports-content activity, and derived a direct financial benefit from that activity, including from the continuing display of the Photograph. FanDuel is vicariously liable for the infringement occurring during the Relevant Period.

8. FanDuel never sought a license from Plaintiff, never obtained one, and has never compensated Plaintiff for the use of the Photograph.

**PARTIES**

9. Plaintiff Justin Goldman is an individual residing in New York County, New York. He is a professional photographer and is the author and copyright owner of the Photograph.

10. Defendant FanDuel, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 300 Park Avenue South, New York, New

2

York 10010.

11.    FanDuel operates online sportsbook, daily fantasy sports, online casino, and sports media products, and markets those products to consumers in the State of New York and throughout the United States.

12.    Brianna Pirre is not named as a defendant in this action. Plaintiff alleges her conduct as the predicate direct infringement necessary to establish FanDuel's secondary liability. *See Faulkner v. Nat'l Geographic Enters., Inc.*, 409 F.3d 26, 40 (2d Cir. 2005).

## JURISDICTION AND VENUE

13.    This action arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq.* This Court has exclusive subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

14.    This Court has personal jurisdiction over FanDuel because FanDuel maintains its principal place of business in this District, is registered to do business in the State of New York, transacts substantial business within this District, offers and markets its products to New York residents, and derives substantial revenue from New York consumers.

15.    Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) because FanDuel resides in and may be found in this District.

## FACTUAL ALLEGATIONS

### A. The Photograph and Plaintiff's Copyright

16.    In or about July 2016, Plaintiff photographed Tom Brady walking in East Hampton, New York, in the company of individuals associated with the Boston Celtics, during a period of widely reported speculation that the Celtics were recruiting free agent Kevin Durant.

17.    Plaintiff is the sole author of the Photograph. The Photograph is an original work of authorship fixed in a tangible medium of expression and constitutes copyrightable subject matter under 17 U.S.C. § 102(a)(5).

18.    Plaintiff registered the Photograph with the United States Copyright Office under Registration No. VAU 1-250-526. The effective date of registration is August 1, 2016. A true and correct copy of the Certificate of Registration is annexed hereto as **Exhibit A**.

19.    The effective date of registration, August 1, 2016, precedes the commencement of the infringement alleged herein by nearly five years. Plaintiff is accordingly eligible to elect an award of statutory damages and to seek an award of full costs, including attorney's fees, pursuant to 17 U.S.C. §§ 412, 504(c), and 505.

20.    Registration was effective prior to the institution of this action, satisfying 17 U.S.C. § 411(a). *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019).

21.    The Photograph became one of the most widely circulated sports images of 2016 and possesses substantial licensing value in the sports media, sports betting, and social media content markets.

22.    Plaintiff has never granted FanDuel, or any person acting on FanDuel's behalf, any license, permission, or authorization to reproduce, display, distribute, or otherwise exploit the Photograph.

**B. The Infringing Post**

23.    On or about July 2, 2021, Ms. Pirre published a public post to her X/Twitter account, @bsp_13, which displayed the Photograph in its entirety, without attribution, credit, watermark, or license.

24. The Infringing Post consisted of the Photograph accompanied by a caption expressing surprise that the individuals depicted had failed to recruit Kevin Durant to the Boston Celtics.

25. Ms. Pirre did not create the Photograph, did not license the Photograph, and had no right, permission, or authority to display it.

26. The Infringing Post was uploaded to and stored upon the servers of X and has been publicly displayed continuously from July 2, 2021 through the present. Each day upon which the Photograph has been so displayed constitutes a public display of the Photograph within the meaning of 17 U.S.C. §§ 101 and 106(5). A true and correct copy of the Infringing Post, captured by Plaintiff prior to the filing of this Complaint, is annexed hereto as **Exhibit B**.

## C. Ms. Pirre's Content-Creator Relationship with FanDuel

27. Ms. Pirre's public LinkedIn profile states that she held the position of "Content Creator" at FanDuel, on a contract basis, from July 2021 until 2024. A true and correct copy of the relevant portion of that profile is annexed hereto as **Exhibit C**.

28. Ms. Pirre's contract content-creator relationship with FanDuel was therefore in effect throughout the Relevant Period, during which the Infringing Post remained continuously and publicly displayed on the @bsp_13 account.

29. Throughout the Relevant Period, Ms. Pirre published sports commentary of the same general character as the Infringing Post — commentary concerning National Basketball Association and National Football League players, teams, and events — to the same @bsp_13 account upon which the Infringing Post remained displayed.

30. FanDuel engages content creators for the purpose of generating sports commentary and social media engagement that drives audience acquisition, brand affinity, and ultimately customer acquisition for its sportsbook and fantasy sports products.

31.    Upon information and belief, FanDuel's agreement with Ms. Pirre imposed obligations governing content published on her social media accounts, including obligations concerning brand safety, prohibited content, disclosure of the FanDuel relationship, and compliance with applicable law. This allegation is made upon information and belief because the terms of that agreement are within FanDuel's exclusive possession, custody, and control, and is supported by the following facts: FanDuel operates in a heavily regulated industry subject to state gaming advertising regulations and to the Federal Trade Commission's Guides Concerning the Use of Endorsements and Testimonials in Advertising, 16 C.F.R. Part 255; and compliance with those authorities requires that FanDuel maintain contractual control over the content published by its content creators.

32.    Upon information and belief, and for the reasons stated in the preceding paragraph, FanDuel retained the right to review, approve, restrict, or require the removal of content published by Ms. Pirre during the Relevant Period, and retained the right to terminate the content-creator relationship for noncompliance with its content standards.

33.    Upon information and belief, FanDuel compensated Ms. Pirre for her content-creation activity throughout the Relevant Period.

34.    FanDuel derived a direct financial benefit from Ms. Pirre's sports-content activity on social media during the Relevant Period. The audience that Ms. Pirre attracted and retained through that activity — including through the Infringing Post, which employed the Photograph as its central visual draw — constituted the precise sports audience that FanDuel engaged her to reach, and the reach of that audience constituted the value FanDuel purchased in engaging her.

**D. Plaintiff's Notice to FanDuel**

35.    On or about July 7, 2026, Plaintiff notified FanDuel in writing that its contract Content Creator had displayed the Photograph without authorization, identified the Infringing

Post, and demanded that the unauthorized display cease. A true and correct copy of that notice is annexed hereto as **Exhibit D**.

36.    FanDuel responded, denying responsibility on the ground that Ms. Pirre had published the Infringing Post on a personal account rather than on FanDuel's behalf. A true and correct copy of that response is annexed hereto as **Exhibit E**.

37.    FanDuel's response does not address the period during which Ms. Pirre was under contract to FanDuel, does not deny that FanDuel possessed the right and ability to supervise her content during that period, and does not deny that FanDuel derived a financial benefit from her sports-content activity during that period.

38.    Plaintiff has never received any license fee, credit, attribution, or other compensation from FanDuel in respect of the Photograph.

**E. Timeliness and the Relevant Period**

39.    This action is timely under 17 U.S.C. § 507(b).

40.    The Infringing Post has been continuously and publicly displayed from July 2, 2021 through the date of this Complaint. Each act of public display constitutes a discrete act of infringement, and each such act commences its own limitations period. *See Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 671 (2014).

41.    Plaintiff seeks no recovery for any act of infringement occurring before July 9, 2023. Plaintiff seeks damages solely for acts of public display occurring on and after July 9, 2023, and seeks injunctive relief with respect to the ongoing display.

42.    Ms. Pirre's content-creator relationship with FanDuel remained in effect from July 9, 2023 until its conclusion in 2024. Throughout that Relevant Period, the Photograph was publicly displayed without authorization, FanDuel possessed the right and ability to supervise Ms. Pirre's content, and FanDuel derived a direct financial benefit from it.

7

43.    Each act of unauthorized public display occurring within the Relevant Period is actionable, and each such act occurred within the three years preceding the filing of this Complaint.

## FIRST CLAIM FOR RELIEF

Vicarious Copyright Infringement

(17 U.S.C. §§ 106, 501)

44.    Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 43 above as though fully set forth herein.

45.    Plaintiff owns a valid and registered copyright in the Photograph.

46.    Ms. Pirre directly infringed Plaintiff's exclusive right of public display under 17 U.S.C. § 106(5) by causing the Photograph to be publicly displayed, without authorization, in the Infringing Post on each day within the Relevant Period.

47.    Ms. Pirre's display of the Photograph was not authorized by Plaintiff, was not permitted by law, and was not excused by any exception or limitation upon Plaintiff's exclusive rights.

48.    Throughout the Relevant Period, FanDuel possessed the right and ability to supervise and control Ms. Pirre's sports-content activity on social media, including the right to impose content standards, the right to require the removal of content, and the right to terminate the content-creator relationship for noncompliance.

49.    FanDuel declined to exercise that right and ability to halt the continuing display of the Photograph at any point during the Relevant Period.

50.    Throughout the Relevant Period, FanDuel derived a direct financial benefit from the continuing display of the Photograph, in that the Photograph served as a draw to the sports audience that Ms. Pirre was engaged and compensated to attract, and that audience constituted

the value FanDuel purchased in engaging her.

51.    By reason of the foregoing, FanDuel is vicariously liable for the infringement of Plaintiff's copyright in the Photograph. *See Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).

52.    FanDuel's infringement was committed willfully within the meaning of 17 U.S.C. § 504(c)(2). FanDuel is a sophisticated commercial enterprise operating in the sports media industry, which knew that photographs of professional athletes are protected by copyright and are routinely licensed, and which nevertheless failed to adopt or enforce any procedure by which its content creators would obtain rights in photographs displayed in connection with their FanDuel-affiliated sports commentary.

53.    As a direct and proximate result of FanDuel's vicarious infringement, Plaintiff has suffered damages in an amount to be established at trial.

## SECOND CLAIM FOR RELIEF

Contributory Copyright Infringement

(17 U.S.C. §§ 106, 501)

(Pleaded in the Alternative)

54.    Plaintiff repeats and realleges each of the allegations set forth in paragraphs 1 through 43 above as though fully set forth herein.

55.    Ms. Pirre directly infringed Plaintiff's copyright in the Photograph throughout the Relevant Period, as alleged above.

56.    Throughout the Relevant Period, FanDuel knew or had reason to know that Ms. Pirre displayed photographs of professional athletes in the sports commentary she published on the @bsp_13 account through which she performed her content-creator role, and knew or had

reason to know that such photographs are protected by copyright and are customarily licensed.

57.     Throughout the Relevant Period, FanDuel materially contributed to the continuing infringement by engaging and compensating Ms. Pirre to produce and publish sports-content engagement on that account, by deriving audience and engagement benefit from the account upon which the Photograph remained displayed, and by declining to adopt, enforce, or supervise any copyright-clearance procedure applicable to its content creators.

58.    By reason of the foregoing, FanDuel is contributorily liable for the infringement of Plaintiff's copyright in the Photograph.

59.    As a direct and proximate result of FanDuel's contributory infringement, Plaintiff has suffered damages in an amount to be established at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Justin Goldman respectfully requests that this Court enter judgment against Defendant FanDuel, Inc. as follows:

A.     Declaring that FanDuel is liable for vicarious and/or contributory infringement of Plaintiff's copyright in the Photograph;

B.     Awarding Plaintiff his actual damages, together with any profits of FanDuel attributable to the infringement that are not taken into account in computing actual damages, pursuant to 17 U.S.C. § 504(b);

C.    In the alternative, and at Plaintiff's election at any time before final judgment is rendered, awarding statutory damages pursuant to 17 U.S.C. § 504(c), including enhanced statutory damages for willful infringement pursuant to 17 U.S.C. § 504(c)(2);

D.    Permanently enjoining FanDuel, and its officers, agents, servants, employees, contractors, content creators, and all persons in active concert or participation with them, from reproducing, displaying, distributing, or otherwise exploiting the Photograph without

10

Plaintiff's authorization, pursuant to 17 U.S.C. § 502;

E.    Awarding Plaintiff his full costs pursuant to 17 U.S.C. § 505, together with reasonable attorney's fees to the extent Plaintiff is represented by counsel in this action;

F.    Awarding pre-judgment and post-judgment interest at the maximum rate permitted by law; and

G.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  July 9, 2026                           Respectfully submitted,
        New York, New York


_____

**JUSTIN GOLDMAN**
*Plaintiff, Pro Se*
justin@pr1mesound.com

11